IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALEC F.[1], :
    Plaintiff, :
v. : Case No. 3:20-cv-00467
     :
KILOLO KIJAKAZI[2],
Acting Commissioner of the : JUDGE WALTER H. RICE
Social Security Administration, :

    Defendant.

---

DECISION AND ENTRY ADOPTING THE REPORT AND
RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE
(DOC. #16); OBJECTIONS OF PLAINTIFF ALEC F. TO SAID JUDICIAL
FILING (DOC. #17) ARE OVERRULED; JUDGMENT TO BE ENTERED IN
FAVOR OF DEFENDANT AND AGAINST PLAINTIFF, AFFIRMING THE
COMMISSONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED
AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE
SOCIAL SECURITY ACT; TERMINATION ENTRY

---

On October 5, 2018, Plaintiff Alec F. ("Plaintiff") filed an application for a period of disability and/or Social Security disability insurance benefits, alleging a period of disability beginning on May 5, 2015. Doc. #9, PageID#189. Plaintiff received notice that his application for disability benefits had been denied by the Social Security Administration ("Defendant") on December 18, 2018. *Id.* at

---

[1] "The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials." S.D Ohio General Order 22-01.

[2] Commissioner Kijakazi became acting Commissioner for the Social Security Administration on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), her name will be substituted as the defendant in this suit. *See* Fed. R. Civ. P. 25(d).

PageID##146-48. On January 2, 2019, Plaintiff requested reconsideration of his application. *Id.* at PageID#152. That claim was subsequently denied. *Id.* at PageID##153-55. Plaintiff then requested a hearing by an Administrative Law Judge ("ALJ") on March 13, 2019. *Id.* at PageID##160-61. The hearing was scheduled on October 31, 2019, in Cleveland, Ohio. *Id.* at PageID#185. Plaintiff requested to appear by video conference, which was granted. *See id.* at PageID##203-210.

On December 24, 2019, ALJ Keith J. Kearney issued an unfavorable decision in Plaintiff's claim. *Id.* at PageID##56-78. Plaintiff attempted to appeal this decision to the Appeals Council, but that request was denied on September 15, 2020. *Id.* at PageID##45-50. Plaintiff timely filed this case on November 11, 2020, seeking review of the adverse decision of the Commissioner of the Social Security Administration. Doc. #1. Plaintiff filed his Statement of Specific Errors and Memorandum in Support, Doc. #10, on July 9, 2021. Defendant filed its Memorandum in Opposition to Plaintiff's Statement of Errors, Doc. #14, on November 11, 2021. Plaintiff filed his Reply, Doc. #15, on November 29, 2021.

On January 31, 2022, Magistrate Peter B. Silvain, Jr., filed his Report and Recommendations, Doc. #16, which recommended that: (1) the Commissioner's non-disability finding be affirmed; and (2) that the case be terminated on the Court's docket. Doc. #16, PageID#789. Plaintiff filed his Objections to the Magistrate Judge's Report and Recommendation and Memorandum in Support, Doc. #17, on February 14, 2022. Defendant filed its Response to Plaintiff's

2

Objections to the Magistrate Judge's Report and Recommendations, Doc. #18, on February 27, 2022.

In his Objections, Plaintiff contends that ALJ Kearney and Magistrate Silvain erred in three respects by concluding: (1) that Plaintiff's use of a single cane did not satisfy the criteria of Listing 1.02; (2) that Plaintiff did not provide evidence to document that he satisfied the criteria in Listing 14.06; and (3) his finding that ALJ Kearney "properly relied on the faulty testimony in this matter." Doc. #17, PageID#793-94. Plaintiff concluded his Objections by stating that "[t]he Magistrate Judge's Report and Recommendation discusses much of the evidence and much of what the ALJ found, but it fails to properly analyze why the ALJ's rationale was appropriate considering the Plaintiff's arguments." Doc. #17, PageID#795.

Based upon the reasoning and citations of authority set forth in Magistrate Judge Peter B. Silvain, Jr.'s, Report and Recommendations, Doc. #16, and a thorough review of the applicable law, this Court ADPOTS the Report and Recommendations in their entirety and OVERRULES Plaintiff's Objections, Doc. #17, to said judicial finding. The Court, in so doing, affirms the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). If objections are made to the Magistrate Judge's Report and

3

Recommendations, this Court is required to make a thorough *de novo* review of those recommendations of the report to which the objection is made. *See* 28 U.S.C. § 636(b)(1)(C). This Court "may [then] accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." *Id.*

First, Plaintiff argues that Magistrate Silvain erred in his Report and Recommendations by concurring with the ALJ that "utilizing only a single cane did not satisfy the criteria of Listing 1.02." Doc. #17, PageID#793. The Court disagrees. Magistrate Silvain referenced that "ineffective ambulation" was, at the time, generally defined as "having insufficient lower extremity functioning . . . to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of *both upper extremities*." Doc. #16, PageID#770; *see also* 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 1.02 (2019) (emphasis added). Magistrate Silvain also noted that previous medical providers found that Plaintiff ambulated without any problems. *See* Doc. #16, PageID#771; Doc. #9, PageID#62. Lastly, Magistrate Silvain referenced that "Plaintiff purchased the cane online and simply asked for assistance in learning how to properly use the cane." Doc. #16, PageID#771; *see also* Doc. #9, PageID#62. Beyond his threadbare conclusion, Plaintiff has not pointed to any evidence that would support a theory that this decision was not supported by substantial evidence.

Moreover, Plaintiff's use of *Zerkel v. Comm'r of Soc. Sec.*, Case No. 3:19-cv-274, 2020 U.S. Dist. LEXIS 107881 (S.D. Ohio June 18, 2020), is misplaced. Plaintiff attempts to argue that *Zerkel* stands for the proposition his use of a cane for

4

stability, coupled with his antalgic gait, satisfies the criteria of Listing 1.02. *See* Doc. #17, PageID#793. In *Zerkel*, the Court was examining whether to adopt the magistrate's recommendations on a denial of social security benefits. *Zerkel*, 2020 U.S. Dist. LEXIS 107881 at *5. The Magistrate Judge in *Zerkel* found that the ALJ's non-disability finding was not supported by substantial evidence because the ALJ did not adequately explain why the treating physician's opinion was not given "controlling weight." *Id.* at *8-14. Unlike *Zerkel*, Plaintiff has not alleged any defect in the weight assigned to any testimony proffered at his hearing. Therefore, Plaintiff's reliance on *Zerkel* is without merit.

Second, Plaintiff argues that the evidence was not properly considered regarding Listing 14.06. *See* Doc. 17, PageID#793-94. This argument is not well-taken. Magistrate Silvain outlines in his Report and Recommendations that Plaintiff would have to raise a "substantial question" regarding Listing 14.06 in this instance. *See* Doc. #16, PageID#776-79. To do so, Plaintiff "must point to specific evidence that demonstrates he reasonably could meet or equal every requirement of the listing." *Id.* at PageID#776 (citing *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014).

Magistrate Silvain explained in his Report that Plaintiff, at best, raised a conclusory claim regarding Listing 14.06, but "Plaintiff does not point to any specific evidence demonstrating he could meet or equal every requirement of this

5

Listing." *Id.* at PageID#777.[3] In reviewing the specific requirements of Listing 14.06, Magistrate Silvain stated that the ALJ was correct in finding that Plaintiff's alleged hypermobility syndrome could constitute a severe impairment, but that finding was not the only requirement under Listing 14.06. *Id.* at PageID##777-78. Even if Plaintiff's alleged hypermobility syndrome constituted a severe impairment, "Plaintiff failed to cite to any clinical finding of severe fatigue or malaise or provide a medical opinion" to establish his claim that he met the other requirements outlined in Listing 14.06. *See id.* at PageID#778. ("[A] review of Plaintiff's medical records reveal[s] that he denied fatigue, was negative for those symptoms, or only stated that he was 'a little tired.'"). In sum, the Court agrees with Magistrate Silvain that "[since] Plaintiff has not provided any evidentiary support demonstrating he could reasonably meet or equal Listing 14.06, he has not shown the record raises a 'substantial question' as to whether the requirements of the listing may be met." *Id.* at PageID#778.

Lastly, Plaintiff contends that Magistrate Silvain erred in finding that ALJ Kearney "properly relied on the faulty vocational testimony" regarding Plaintiff's ability to work at the light level of exertion. *See* Doc. #17, PageID#794. Plaintiff

---

[3] Plaintiff references *Pacley v. Comm'r of Soc. Sec.*, Case No. 1:16-cv-2329, 2017 U.S. Dist. LEXIS 110602 (N.D. Ohio June 30, 2017), to support his argument. Specifically, Plaintiff alleges that the *Pacley* court remanded the case for further proceedings solely based on a Beighton score of 5. *See* Doc. #17, PageID#793. This argument is without merit. *Pacley* was remanded because "the ALJ's decision is bereft of sufficient detail such that the undersigned cannot conduct a meaningful review of the ALJ's decision to determine whether it is supported by substantial evidence." *Pacley*, 2017 U.S. Dist. LEXIS 110602 at *41. Plaintiff has made no claim in his Objections that the ALJ's decision was "bereft of sufficient detail" that would have prohibited Magistrate Silvain from conducting a "meaningful review . . . to determine whether [the decision was] supported by substantial evidence." *Id.*

6

raised the same argument in his initial filings in this case. Doc. #10, PageID#691-93. This argument has been discussed at length by Magistrate Silvain in his Report and Recommendations. Doc. #16, PageID#785-89. Since Plaintiff has not raised any additional arguments in his Objections, nor has he pointed to any additional evidence to support this argument, this Court believes that Magistrate Silvain did not err in his Report and Recommendations on this issue.

Accordingly, the Court ADOPTS the Report and Recommendations of the Magistrate Judge, Doc. #16, and OVERRULES Defendant's Objections, Doc. #17, to said judicial filing. The Commissioner's non-disability finding is affirmed and, therefore, Plaintiff is not eligible for Social Security disability benefits in this case.

The captioned cause is hereby terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: March 25, 2022

WALTER H. RICE
UNITED STATES DISTRICT JUDGE